Bingham McCutchen LLP
JAMES SEVERSON (SBN 67489)
JACQUELINE S. BRONSON (SBN 222169)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:   (415) 393-2000
Facsimile:    (415) 393-2286

Attorneys for Defendant)
T-MOBILE USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WELLS,<br><br>             Plaintiff,<br><br>        v.<br><br>T-MOBILE USA, INC., ANNA CARLSON, JEFF WILSON, TERRY HAYES and DOES 1 through 20, inclusive<br><br>             Defendant. | No. C06 7225 TEH<br><br>STIPULATED<br>PROTECTIVE ORDER |

Plaintiff Earl Wells ("Plaintiff") and Defendants T-Mobile USA, Inc., Anna Carlson, Jeff Wilson, Terry Hayes ("Defendants") (collectively "the Parties") recognize that certain information pertaining to this action is private, proprietary and/or otherwise highly confidential.  The Parties further recognize that certain information pertaining to this action may be competitively sensitive and that Defendants could be competitively harmed in the event such information is disclosed or used for purposes other than for the prosecution or defense of this action. Therefore the Parties, through their counsel of record, hereby stipulate to

the following agreement (hereinafter "Protective Order" or "Order") regarding the protection of the confidentiality of information disclosed during discovery in connection with this action:

1. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Any Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any document produced in discovery, or any other document or information disclosed, served, filed or given under oath in this action (including, without limitation, answers to interrogatories, answers to requests for admission, responses to requests for production, deposition testimony, and transcripts of depositions), or any part thereof, at the time of production, disclosure, service, copying, filing, or signing, with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, if inadvertently produced without such designation, by promptly furnishing written notice to the receiving Party that information shall be CONFIDENTIAL under this Protective Order.

1.1 Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level

1  of protection being asserted (either "CONFIDENTIAL" or "HIGHLY
2  CONFIDENTIAL – ATTORNEYS' EYES ONLY").
3        A Party or non-party that makes original documents or materials
4  available for inspection need not designate them for protection until after the
5  inspecting Party has indicated which material it would like copied and produced.
6  During the inspection and before the designation, all of the material made available
7  for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'
8  EYES ONLY." After the inspecting Party has identified the documents it wants
9  copied and produced, the Producing Party must determine which documents, or
10 portions thereof, qualify for protection under this Order, then, before producing the
11 specified documents, the Producing Party must affix the appropriate legend
12 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
13 ONLY") at the top of each page that contains Protected Material.  If only a portion
14 or portions of the material on a page qualifies for protection, the Producing Party
15 also must clearly identify the protected portion(s) (e.g., by making appropriate
16 markings in the margins) and must specify, for each portion, the level of protection
17 being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
18 ATTORNEYS' EYES ONLY").
19       (b)  for testimony given in deposition or in other pretrial or trial
20 proceedings, that the Party or non-party offering or sponsoring the testimony
21 identify on the record, before the close of the deposition, hearing, or other
22 proceeding, all protected testimony, and further specify any portions of the
23 testimony that qualify as either ""CONFIDENTIAL" or "HIGHLY
24 CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to
25 identify separately each portion of testimony that is entitled to protection, and
26

when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)  for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

1.2  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

2. In exercising the right to designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", the Parties agree to proceed in good faith. A Party shall not designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless it is of a private or confidential or proprietary nature deserving of such protection under applicable law.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party (also referred to herein as a "Submitting Party") must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that

Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

3.  This Order does not restrict the right of the Designating Party to make such use or disclosure of its own material that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", as it is otherwise entitled to make.  As to any CONFIDENTIAL material disclosed to another Party in this litigation, such material shall not be used or disclosed by the receiving Party, or by any person granted access thereto under this Order, for any business or competitive purposes or for any purpose other than the preparation, trial and appeal of this Action, consistent with the terms of this Order.

4.  Access to any CONFIDENTIAL material, or any part thereof, as well as to the matters contained therein, shall be limited to:  (a) the judiciary, its employees and its agents, including jurors; (b) the Parties, and the officers, employees and agents of the Parties who have a reasonable justification to view the "CONFIDENTIAL" information or documents; (c) the attorneys for the Parties, their associates, assistants and agents; (d) court reporters, their transcribers, assistants and employees; (e) consultants and experts who have been retained by counsel for any Party, provided that the Protective Order is reviewed and Exhibit A is reviewed and signed by any such expert and consultant; and (f) deponents or trial witnesses, provided that the Protective Order is reviewed and Exhibit A is reviewed and signed by any such deponent or trial witness.  Copies of these executed Exhibits shall be retained by counsel.

5.  With the exception of those persons and entities enumerated in Paragraph 4 above, no "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  material, or parts thereof, or any matters contained

therein, or any extracts or summaries thereof, may be disclosed to any person or entity for any reason without the prior, written consent of the Designating Party.

6. Any time a Party submits material to the Court that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order (or material that contains or discloses information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order) either of the following procedures shall be followed:

(a) If a Party (the "Submitting Party") submits material to the Court which contains material that the Submitting Party has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,'" the Submitting Party shall, in accordance with applicable federal rules and Local Rule 79-5 *et seq*., submit a written application and proposed order to the Court along with the documents submitted for filing under seal.  The proposed order shall address both the sealing of the application and order itself, if appropriate.  The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of the envelope. The documents shall remain lodged with the Court in accordance with federal and local rules, pending an order of the Court that the material be filed under seal; or

(b) If the Submitting Party submits material to the Court which contains material designated by another Party (the "Designating Party") as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", the Submitting Party **and Designating Party shall comply with the requirements of Local Rule 79-5(d).** ~~shall:  (i) lodge the material with the court conditionally under seal pursuant to federal and local rules, pending an order of the~~

1  ~~Court that the material be filed under seal; and (ii) on or before the date such~~
2  ~~material is lodged with the Court, serve on the Designating Party notice that the~~
3  ~~Submitting Party is lodging or will lodge material to the Court designated as~~
4  ~~"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES~~
5  ~~ONLY". If within thirty (30) days of the date of filing, the Designating Party has~~
6  ~~not filed a noticed motion to file the material under seal pursuant to Local Rule 79-5~~
7  ~~*et seq.*, the material shall be filed unsealed and will become part of the public~~
8  ~~record.~~

9           7.      Parties submitting purportedly "CONFIDENTIAL" or "HIGHLY
10  CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to the
11  Court shall endeavor in good faith to restrict their filings or other submissions to
12  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
13  ONLY" material that is reasonably necessary for the Court to consider in connection
14  with the issue or matter for which the "CONFIDENTIAL" or
15  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material is
16  submitted.

17           8.      The execution of this Order, and the entry of a Protective Order
18  pursuant hereto, shall not, in itself:
19           (a)     constitute a waiver of any Party's right to seek at a future
20  time from the Court an order restricting access to specific material designated as
21  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
22  ONLY" to a more limited group of individuals or entities than described herein, or
23  granting access to specific material designated as "CONFIDENTIAL" or
24  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to specific
25  individuals; or
26

    (b) preclude any Party from (i) claiming that any document or matter designated hereunder is not entitled to the protections of this Protective Order, or (ii) applying to the Court for an Order permitting disclosure or use of information or documents otherwise prohibited by this Protective Order; or

    (c) constitute a waiver of any objection to any discovery request; or

    (d) be construed as an admission or agreement that any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", is in fact, confidential, or contains sensitive information, or otherwise is entitled to any protective relief whatsoever.

  9. If any Party claims that any matter designated hereunder is not entitled to the protections of this Protective Order, that Party may serve on the Designating Party an objection to the designation. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to

the next stage of the challenge process only if it has engaged in this meet and confer process first.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. The material shall remain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as designated unless and until the Designating Party agrees in writing to remove the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, or the Court orders the material is not "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

10.   The terms of this Protective Order are applicable to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information submitted or produced by a non-party, and such information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Protective Order. A non-party providing information to all the Parties through either formal or informal discovery means shall (a) have the same right as a Party to designate any such information under

1  this Protective Order, and (b) shall have the standing to enforce the terms of this
2  Protective Order with respect to disclosure and use of that non-party's designated
3  information.
4        11.   At the conclusion of litigation between the Parties, all
5  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
6  ONLY" material disclosed in this action, whether or not filed, or identified as an
7  exhibit in the proceeding, including all copies, shall be returned within thirty (30)
8  days after the conclusion of the litigation.

**IT IS SO AGREED.**

DATED: March 19, 2007

                              Bingham McCutchen LLP

                              By: _____/s/_____
                                    James Severson
                               Attorneys for Defendants
                         T-Mobile USA, Inc., Anna Carlson, Jeff
                              Wilson and Terry Hayes

DATED: March 19, 2007

                              LAW OFFICES OF DOUGLAS N.
                              THOMASON

                              By: _____/s/_____
                                   Douglas N. Thomason
                                Attorneys for Plaintiff
                                Earl Wells

**IT IS SO ORDERED.**

DATED: March 21, 2007

                              _____
                              Hon. Thelton E. Henderson

**EXHIBIT A**

**PROMISE OF CONFIDENTIALITY**

I have read and understand the Stipulated Protective Order (the "Order") in the case of *Earl Wells v. T-Mobile USA Inc., Anna Carlson, Jeff Wilson, Terry Hayes, and Does 1-20 inclusive,* United States District Court, Northern District of California, No. C 06-07225 THE, and I agree to be bound by all of its terms.

I further understand that disclosures or discovery material produced in this action (*i.e.,* documents, testimony, written discovery responses, and other information provided in the course of pretrial discovery, and any information contained therein or derived therefrom) and designated "CONFIDENTIAL" may not be disclosed to anyone, except as authorized by this Order, and may not be used for any purpose other than the purposes of this litigation, as defined by this Order.

I consent to the jurisdiction of the United States District Court, Northern District of California for any proceeding to enforce this agreement.

Executed this __ day of _____, at _____, _____.

I declare under penalty of perjury under the laws of the United States and the laws of the State of California that the foregoing is true and correct.

_____
(Signature)

_____
(Type or Print Name)

_____
(Address)

_____
(Telephone Number)